**HOUSTON TECHNICAL CERAMICS, INC., Plaintiff,**

v.

**SHINAGAWA REFRACTORIES CO., Defendant.**

**Civ. A. Nos. H–88–3379, H–88–1018.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 26, 1990.

---

Robert A. Chaffin, Houston, Tex., for plaintiff.

Andrew Wooley, Jeffrey W. Tayon, Butler & Binion, Houston, Tex., for defendant.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. After careful consideration of the motion, response and oral argument by counsel, the Court is of the opinion that it has personal jurisdiction over Defendant.

Plaintiff is a Texas corporation and Defendant is a corporate citizen of Japan. The parties entered into several contracts whereby Defendant was to design and manufacture alumina ceramic rings to be made in Japan and shipped to the Plaintiff. The rings were a component part of a vacuum power tube manufactured in Texas. Plaintiff contends the alumina ceramic rings delivered by Defendant did not meet specifications and that Defendant failed to conduct adequate quality control tests.

In determining whether to dismiss a cause for lack of personal jurisdiction, a federal court in a diversity action must ask whether the facts presented satisfy the requirements of the state Long–Arm Statute and whether the exercise of personal jurisdiction is, under the circumstances consistent with due process. *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1264 n. 2 (5th Cir.1981). Although the reach of the state Long–Arm Statute is a question of state law, the federal courts are required to accept the interpretation given the statute by the Supreme Court of a particular state. The extent to which the reach of the Long–Arm Statute is limited by due process is a question of federal law. *See e.g., Prejean, supra.*

The Texas Supreme Court has interpreted the Texas Long–Arm Statute to reach the full extent permitted by due process. *U–Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977), *cert. denied*, 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763 (1978); *Hall v. Helicopteros Nacionales de Colombia*, 638 S.W.2d 870, 872 (Tex.1982), *rev'd on other grounds*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1974). Therefore, this Court need only to decide whether federal notions of fair play and substantial justice will be violated if the Defendant is forced to defend this action in Texas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Fifth Circuit has held that two elements must be considered when resolving a question of personal jurisdiction. First, the defendant must have minimum contacts with the forum which are the result of an affirmative act on his part. Under the minimum contacts test the defendant's conduct in connection with the State of Texas must be such that he should reasonably anticipate being haled into a Texas court. *Holt Oil and Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir.1986) [citations omitted]. Secondly, it must be fair and reasonable to require the non-resident to defend the suit in the forum state without offending the traditional notions of fair play and substantial justice. *Schaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977). In determining personal jurisdiction the Court must make its decision based on the totality of the circumstances. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985).

After carefully examining the facts of this case the Court finds that the Defendant's contacts with the State of Texas were sufficient to establish personal jurisdiction. In this fact situation the Defendant could reasonably have anticipated being involved in litigation in Texas. First of all, Defendant entered into a contract with a Texas corporation. Although a contract with a foreign entity does not automatically establish sufficient minimum contacts to establish jurisdiction, it is one factor to consider. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The Defendant also had personal contacts with the forum in that it sent representatives to Houston to counsel with Plaintiff and to service existing contracts. In addition, there is evidence that Defendant's catalogs were found in Texas, some advertising was done in this forum and Defendant's representatives made numerous business trips to Texas between 1981 and 1987.

In response Defendant argues that it does not employ or control any of the Japanese trading companies which purchase products manufactured by it in Japan and resell them in this country. However, it appears in this case a trading company was not involved and this was merely a series of contracts between the parties. It was Defendant's choice to enter into a contract with a Texas corporation and by accepting such purchase order and coming to Texas to service the contracts it performed the affirmative acts necessary to establish personal jurisdiction. Furthermore, it cannot be said Defendant's relationship with Texas was random, fortuitous or attenuated. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100 S.Ct. 559, 568, 62 L.Ed.2d 490 (1980). Therefore, the Court finds based on the specific facts of this case, that Defendant deliberately conducted itself in a manner which gave Texas personal jurisdiction over it in this matter.

Defendant has also requested that this cause of action be abated pending a determination of fees and costs previously awarded by Judge McDonald in cause number H–88–1018. Rather than abate this case the Court finds it would be more appropriate to have that case transferred to the docket of this Court so that the all causes of action between the parties will be in one Court.

Defendant has also requested that this litigation be stayed pending a the outcome of a declaratory judgment action now pending in the Tokyo District Court. The Court finds this would be unsatisfactory. Therefore it is

ORDERED that Defendant's motion to dismiss, motion to abate and alternative motion to stay and for a more definite statement is DENIED. It is further

ORDERED that cause number H–88–1018 be TRANSFERRED from the docket of Judge Harmon to Judge Black's docket. It is further

ORDERED that the parties abide by the terms of the Rule 16 Scheduling order which is attached.

IT IS SO ORDERED.